# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3760-17T2

A.M.C.,[1]

    Plaintiff-Respondent,

v.

A.M.A.,

    Defendant-Appellant.

_____

        Submitted January 24, 2019 - Decided  February 7, 2019

        Before Judges Koblitz and Mayer.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FV-18-0648-18.

        Chirag D. Mehta, attorney for appellant.

        A.M.C., respondent pro se.

---

[1] We use initials to protect the parties' privacy interests in accordance with R. 1:38-3(d)(9).

PER CURIAM

Defendant appeals from a March 15, 2018 final restraining order (FRO) entered in favor of plaintiff. Defendant contends the Family Part judge's issuance of an FRO was an abuse of discretion because plaintiff failed to prove the order was necessary to protect her from future acts or threats of violence. We disagree and affirm.

The parties have a thirteen-year-old son but were never married. Since 2014, the parties have engaged in litigation regarding their son. The incident giving rise to plaintiff's application for a temporary restraining order (TRO) stemmed from a family non-dissolution (FD) court proceeding related to defendant's relationship with his son and the payment of child support. At the FD hearing, it was agreed the parties and their son would participate in reunification therapy. Immediately after the FD hearing, defendant approached plaintiff in the hallway and began screaming vindictive slurs and shouting he was "going to come and kill" her.

The same day as the FD hearing, plaintiff obtained a TRO against defendant. In the TRO, plaintiff identified prior incidents of physical abuse inflicted by defendant, including an assault requiring stitches, and verbal abuse, including vulgar name-calling. Plaintiff's TRO alleged defendant committed the

2

predicate acts of harassment, N.J.S.A. 2C:33-4, and terroristic threats, N.J.S.A. 2C:12-3.

The parties appeared without counsel for the domestic violence trial. The Family Part judge explained the consequences of an FRO. The judge expressly advised defendant he could request an adjournment of the trial to consult with, or retain, counsel. Defendant stated he understood and wished to proceed with the trial.

During the trial, the judge carefully questioned both parties. He was even-handed in his questioning of the parties. The judge allowed the parties to question each other and present documentary evidence.

The judge found plaintiff was more credible based on her testimony and demeanor during the trial. The judge observed plaintiff was upset while she testified and appeared fearful of defendant. He stated plaintiff displayed "angst," "frustration," "fear," and was "genuinely afraid of [defendant] and what he might do to her." The judge concluded defendant committed the predicate act of harassment by making offensive and vulgar statements to plaintiff immediately after an FD hearing, causing her annoyance or alarm.[2] In addition,

---

[2] During the trial, defendant denied threatening to kill plaintiff but did not dispute making the offensive statements.

the judge found a history of domestic abuse by defendant against plaintiff. The judge rejected defendant's argument that plaintiff filed the domestic violence complaint to gain a tactical advantage in the FD litigation. Notwithstanding that plaintiff lives an hour away from defendant and has sole custody of the child, the judge concluded plaintiff required the entry of an FRO because she was uneasy and fearful of defendant.

On appeal, defendant contends the issuance of an FRO was not required because the parties have no relationship, no longer live near each other, and plaintiff did not testify she feared defendant.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to Family Part judges' findings of fact because of their special expertise in family matters. Id. at 413. Such deference is particularly appropriate where the evidence is largely testimonial and turns on the judge's ability to assess credibility. Gnall v.Gnall, 222 N.J. 414, 428 (2015). We will not "disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154

4

N.J. at 412 (quoting <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co.</u>, 65 N.J. 474, 484 (1974)).

The Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, accords protection to victims of domestic violence. The issuance of an FRO under the PDVA requires a two-step analysis. <u>Silver v. Silver</u>, 387 N.J. Super. 112, 125-26 (App. Div. 2006). "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." <u>Id.</u> at 125. Second, the judge must determine "whether a restraining order is necessary, upon an evaluation of the fact[or]s set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." <u>J.D. v. M.D.F.</u>, 207 N.J. 458, 475-76 (2011) (quoting <u>Silver</u>, 387 N.J. Super. at 127).

On appeal, defendant does not challenge the judge's finding of harassment under the first prong of the <u>Silver</u> analysis. His appeal is limited to the judge's finding that plaintiff requires an FRO under the second part of the <u>Silver</u> analysis.

Applying our standard of review and examining the record, we discern no basis to disturb the judge's findings under the second prong of <u>Silver</u>. Plaintiff

required the protection of an FRO based on defendant's actions and words over the course of their thirteen-year relationship, including defendant's conduct and statements toward plaintiff immediately after the FD proceeding. Moreover, because the parties were participating in reunification therapy with their son, the judge determined the parties were likely to have continued contact with each other.

Defendant's arguments are based on his disagreement with the judge's findings and conclusions. Given the deference we owe to the judge's factual findings and credibility determinations, we decline to reach a contrary conclusion. The record amply supports the judge's findings in support of an FRO based on the relevant and credible evidence presented.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3760-17T2